**SECURITIES AND EXCHANGE COMMISSION, Appellant,**

v.

**Harry H. BURTON, Receiver, et al., Appellees.**

No. 6223.

United States Court of Appeals First Circuit.

Heard Dec. 4, 1963.

Decided March 23, 1965.

As Amended April 13, 1965.

---

David Ferber, Sol., Philip A. Loomis, Jr., Gen. Counsel, Dolph B. H. Simon, Atty., S.E.C., Washington, D. C., Richard V. Bandler, Asst. Regional Administrator, Joseph P. Sullivan, Atty., S.E.C., New York City, for appellant, on motion to remand.

Marcien Jenckes, Boston, Mass., and Joseph G. Nason, Worcester, Mass., Weld S. Henshaw, Boston, Mass., for State Mutual Life Assurance Co. of America, The George Putnam Fund of Boston and The Putnam Management Co., Inc., appellees, on memorandum in opposition to the motion.

Alfred B. Stapleton, Robert J. McGarry and Graham, Reid, Ewing & Stapleton, Providence, R. I., for debtor, appellee, on memorandum in opposition to the motion.

John Cancian and Frederick G. Fisher, Jr., Boston, Mass., for Official Creditors' Committee, Bingham, Dana & Gould, Wilmot R. Hastings, Hale & Dorr, S. Donald Gonson, Boston, Mass., of counsel.

Before ALDRICH, Chief Judge, WOODBURY, Senior Circuit Judge, and HARTIGAN, Circuit Judge.

WOODBURY, Senior Circuit Judge (by designation).

The facts fully appear in the opinion of the court below. In the Matter of American Guaranty Corporation, Debtor, 221 F.Supp. 961 (D.C.R.I., 1963). There is no occasion to recapitulate them here. It will suffice to say that on January 18, 1963, American Guaranty Corporation, hereinafter the debtor, finding itself in financial trouble, filed a petition in the court below for an arrangement under Chapter XI of the Bankruptcy Act, 52 Stat. 905, as amended, 11 U.S.C. § 701 et seq. (1958 ed.), and that, although no security holders objected, the Securities and Exchange Commission, hereinafter the Commission, on May 23, 1963, asked leave to intervene and moved to dismiss outright or in the alternative to dismiss unless within a time fixed by the court the petition is amended in such a way as to transfer to proceedings under Chapter X of the Act, 52 Stat. 883, as amended, 11 U.S.C. § 501 et seq. (1958 ed.). The court below after hearing denied the Commission's motion on September 11, 1963, and it appealed.

This court heard arguments on the appeal at its December session 1963 but before an opinion had been prepared the Supreme Court of the United States on March 23, 1964, granted certiorari, 376 U.S. 948, 84 S.Ct. 971, 11 L.Ed.2d 969, in Securities and Exchange Commission v. American Trailer Rentals Co., 325 F. 2d 47 (C.A.10, 1963), obviously to consider the very question before us in our appeal. We withheld opinion awaiting the decision of the Supreme Court. Twice while we were waiting, once on June 8, 1964, and again on January 6, 1965, we authorized with the consent of the Commission distributions of portions

of the debtor's accumulated cash. On January 18, 1965, the Supreme Court decided the American Trailer Rentals case, 85 S.Ct. 513, and while we were considering the case at bar in the light of that decision, the Commission, on February 16, 1965, moved for remand to the court below for reconsideration on the ground that subsequent to the entry of the order of September 11, 1963, there have been "significant" factual developments "bearing on the question presented on appeal." The "factual developments" specifically referred to are two proposals by outside private financial institutions for the debtor's rehabilitation. Wherefore, citing page 524 of the Supreme Court's opinion, the Commission asserts that Chapter X affords the only appropriate procedure because it is clear that " * * * the financial condition of the debtor requires more than a simple composition of its unsecured debts." We afforded time for counsel for the appellees to file oppositions to the Commission's motion. Two have done so. They assert that both proposed plans for the debtor's rehabilitation have been abandoned and that the receivership under Chapter XI has been so successful as to give hope for very little loss to public investor creditors. Wherefore they contend that no more is needed than a simple arrangement with unsecured creditors and urge us to affirm the court below on American Trailer Rentals, supra.

The situation presented to us appears to be unique. We have compared the opinion of the court below with the opinion of the Court in American Trailer Rentals and come to the conclusion that the best course for us under the circumstances is to grant the Commission's motion.

In the light of American Trailer Rentals we think the court below may have misconstrued the criteria for exercising its discretionary power under the cases upon which it relied, SEC v. United States Realty & Improvement Co., 310 U.S. 434, 60 S.Ct. 1044, 84 L.Ed. 1293 (1940), and General Stores Corp. v. Shlensky, 350 U.S. 462, 76 S.Ct. 516,

100 L.Ed. 550 (1956), principally by considering the orderliness of the plan of arrangement and the economy of Chapter XI proceedings, and in not giving sufficient weight to the need for new management, the need for investigation by a disinterested trustee of alleged past management inefficiency, lack of skill and even wrongdoing, and the need for application of the "absolute priority" rule of Chapter X but not of Chapter XI. Moreover, in view of past payments and assertions of economical and successful administration of the debtor's affairs by the Receiver appointed under Chapter XI, it may be that only a "minor adjustment of capital" is all that now needs to be accomplished to put the debtor back on its feet.

In short, we think it advisable for the court below to review the factual situation as it is now in the light of the criteria for the exercise of discretion as developed by the Court in SEC v. American Trailer Rentals Co., supra.

An order will be entered granting the Commission's motion to remand for further proceedings in accordance with this opinion.