**In the Matter of RICE BARTON COR-PORATION, Debtor.**

**No. 69–834.**

United States District Court,
D. Massachusetts.
May 13, 1970.

Frederick G. Fisher, Jr., Hale & Dorr, Boston, Mass., for debtor.

Sidney J. Kagan, Richmond, Rosen & Kagan, Boston, Mass., counsel for receivers.

Richard M. Simonian, Worcester, Mass., Moulton, Looney, Mazzone, Falk & Markham, Boston, Mass., Harry Pollack, Boston, Mass., for Creditors.

## OPINION

CAFFREY, District Judge.

This is a civil action which was referred to Referee Edwin F. Hannon as Special Master upon the application of Dynation Corporation, a creditor. The matter came before the Court upon objections to the report of the Special Master filed by Dynation Corporation pursuant to the provisions of Section 328 of the Bankruptcy Act (11 U.S.C. § 728). The following facts were found by the Special Master:

On July 14, 1969, the debtor herein filed a petition for an arrangement un-der the provisions of Chapter XI of the Bankruptcy Act. On the same day the matter was assigned to Referee Hannon, who appointed three disinterested persons as Receivers. Thereafter, the Receivers employed as counsel a Boston law firm which is experienced in bankruptcy and other types of business practice. The Receivers also employed a certified public accountant to cooperate with them and the law firm in conducting an investigation of the affairs of the debtor, in administering the estate, and in arriving at a conclusion as to whether any plan of arrangement might be proposed which was fair, adequate, feasible, and in the best interests of the creditors.

Pursuant to a notice sent by the debtor to all creditors, a creditors' meeting was held on July 18, 1969 at the Holiday Inn, Worcester, Massachusetts. In excess of 100 individuals were present at the meeting, at which a Creditors' Committee of fifteen individuals was appointed. Thereafter, nine meetings of the full Creditors' Committee were held and, in addition, meetings of a sub-committee known as the Committee on Finance were held. On November 7, 1969, a notice was mailed to creditors of a meeting on November 19, 1969 before Referee Hannon, which notice advised that hearing on confirmation and objections thereto would be held at 2:00 p.m. that day. At the 2:00 p. m. hearing, Dynation, through its counsel, argued before Referee Hannon the grounds on which it contended that the proceedings should have been brought under Chapter X rather than Chapter XI of the Bankruptcy Act. Referee Hannon also heard objections of Dynation to the debtor's plan of arrangement as modified, as well as arguments in favor of confirmation of the amended plan.

Referee Hannon held a further hearing on November 21, 1969, at which Dynation failed to introduce any evidence, but did argue through counsel in support of its application under Section 328 of the Bankruptcy Act. On November 24, 1969, an order confirming the arrangement and, in effect, refusing to transfer it to

a proceeding under Chapter X, was entered by Referee Hannon.

Dynation filed an application under Section 328 on November 17, 1969, seeking an order of the court dismissing the proceedings under Chapter XI, seeking an injunction against the November 19, 1969 hearings held by Referee Hannon (no injunction ever issued), and also seeking an order that its application was properly filed in good faith pursuant to the provisions of Chapter XI of the Act.

Referee Hannon filed his report as Special Master on January 15, 1970 and Dynation filed objections thereto on February 5, 1970. A hearing on those objections was held by this Court on March 9, 1970. At this hearing counsel for Dynation again failed to offer any evidence, by affidavit or otherwise, in support of its objections.

■ In reviewing the report of the Special Master, his findings of fact are not to be set aside by this Court unless they are clearly erroneous. General Order 47; 5 Moore's Federal Prac., 53.12 (4). A review of the limited amount of evidence available to this Court affords no basis for a finding that the facts found by the Special Master are clearly erroneous.

The legal considerations deemed apposite in reviewing a case of this type are adumbrated by the Supreme Court in SEC v. American Trailer Rentals, 379 U.S. 594, 85 S.Ct. 513, 13 L.Ed.2d 510 (1965), and are made specific by the Court of Appeals for this Circuit in Schreibman v. Mason, 377 F.2d 99 (1967), where the court indicated that the district judge should have in mind:

(1) that Chapter X was enacted for the protection of public investors rather than trade creditors;

(2) that the reliability of the Special Master's findings depends, in part, upon whether he considered the guidelines reaffirmed by the Court in *American Trailer Rentals*; and

(3) that whether Chapter X or Chapter XI is appropriate depends upon the "needs to be served," which, in turn, requires consideration of:

(a) fairness to public debt holders;

(b) the number or character of the investors, and how widespread geographically they are;

(c) whether the stock is offered or sold to the public generally;

(d) whether a trustee should evaluate the need for an accounting from management;

(e) whether a trustee should evaluate the need for new management;

(f) whether there is a complicated debt structure requiring more than the simple composition available under Chapter XI.

See also, Securities and Exchange Comm. v. United States Realty & Improvement Co., 310 U.S. 434, 60 S.Ct. 1044, 84 L.Ed. 1293 (1940); General Stores Corp. v. Shlensky, 350 U.S. 462, 76 S.Ct. 516, 100 L.Ed. 550 (1956); In re American Guaranty Corp., 246 F.Supp. 322 (D.R.I., 1965); Securities and Exchange Comm. v. Burton, 342 F.2d 783 (1 Cir., 1965).

With regard to point (1) above, the court is well aware that Chapter X was enacted for the protection of public investors rather than trade creditors, and that awareness is material in light of the fact that the Special Master found that of the 30,000 shares of Rice Barton Corporation outstanding, some 90% are held by the Barton family, in light of the further fact that the Special Master found that there are only 32 separate stockholders, each of whom has had some association with the corporation, and in light of the further fact that no general public stock offer was ever made by the corporation. It is equally clear from the Special Master's report that he did consider the merits of proceeding under Chapter XI as against the merits of proceeding under Chapter X, since he makes it clear that the creditors at all

material times were represented on the Committees which negotiated the plan, and that the Committee was reelected without objection on November 19, 1969. He also considered the fact that the majority of the shareholders are from the Greater Worcester area, as a consequence of which Worcester and Boston were rational and convenient places in which to conduct meetings and other proceedings.

With regard to point (2) above, the Special Master's report specifically cites the earlier decisions of the Supreme Court, Securities and Exchange Comm. v. United States Realty & Improvement Co., *supra*; General Stores Corp. v. Shlensky, *supra*, which were reaffirmed in *American Trailer Rentals, supra*, and is consistent with the guidelines set out therein by the Supreme Court. Not without significance on this point is the fact that of the approximately 600 creditors involved with the debtor corporation, only one, Dynation, favored a Chapter X proceeding rather than a Chapter XI, and that its application therefor was tardily filed forty-eight hours before the scheduled hearing on the confirmation of the debtor's plan of arrangement, and some four months after the Chapter XI proceeding had been in existence. The contention that the Special Master failed to consider the relative advantages of proceeding under Chapter X or Chapter XI is totally without merit on the presentation made herein.

Brief mention should be made of the fact that Dynation, through its counsel, protested loudly and long about various alleged procedural imperfections in connection with this matter, particularly with regard to the question of notice, as required by the Federal Rules of Civil Procedure, or elsewhere. A short and complete answer to these protestations is that Dynation was represented at all material times herein, that it had an opportunity to present evidence both before the Special Master and this court, and failed to take advantage of this opportunity. A glaring example of this singular performance by Dynation is described in detail in the Report of the Special Master (p. 10, par. E):

"Counsel for Dynation did make unsupported representations to the Court of an outside interest which, if this Debtor's capital stock were surrendered would offer a cash distribution to creditors of twenty-five percent (25%). At the very end of the hearing on confirmation and as part of his final argument, counsel waved a check payable to himself in the amount of $100,000.00 and stated that a million dollars would be deposited within a week to carry out this Plan if the Debtor's capital stock was deposited with the Court. However, at no time did counsel for Dynation name the principal who would make the investment, how the shareholders would be forced to surrender their interests, nor the circumstances under which creditors would be paid twenty-five percent (25%). No explanation was given as to why the undisclosed principal would not permit itself to be identified, would not appear personally and had not disclosed its interest in the more than four months of this proceeding."

Finally, Dynation has failed to allege any prejudice whatsoever by the alleged procedural irregularities.

No useful purpose is to be served by tracing Dynation's unproven allegation against points 3(a) through (f) above. Suffice it to say that the report of the Special Master herein is not "clearly erroneous" in its findings of fact, and that it correctly applies the relevant and applicable law in determining that Chapter XI is more appropriate than Chapter X, having in mind the "needs to be served" herein. A reading of the Special Master's report establishes that he properly considered and applied points 3(a) to (f).

A caveat should be filed to the effect that Dynation's objections, which are required to be filed herein by Rule 53(e), Federal Rules of Civil Procedure, within ten days of the notice of filing of the

**1320**

Special Master's Report, were not filed until approximately twenty days thereafter. This at least superficially creates a situation in which this court may not have jurisdiction at all to entertain Dynation's objections and review the report of the Special Master. Since the sanctions of Rule 53(e) are not clearly spelled out, a review has in fact been made herein on the merits of the objections as indicated above, and it is hereby ordered that the objections, both on the merits and also for the procedural difficulty just noted, be overruled *in toto*.